Roberge v. SSA                        CV-93-418-SD  09/19/96

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Kenneth Roberge


     v.                                        Civil No. 93-418-SD

Shirley Chater, Commissioner,
 Social Security Administration


O R D E R


     Counsel for a successful social security disability claimant
has filed two motions seeking an award of attorney fees for his
services rendered in such case.  This order addresses the issues
raised by said motions.


1.  Motion for Award of Fees Pursuant to the Equal Access to
Justice Act (EAJA), document 17

     a.  Background

     Claimant Kenneth Roberge initially alleged inability to work
since December 2, 1988, due to low back injuries sustained in a
motor vehicle accident.  Although he raised an additional claim
of depression during a January 1993 administrative hearing, he
failed to provide evidence in support of that claim, nor did he
request assistance in obtaining such evidence through the

Commissioner.  His claim was denied by an Administrative Law Judge (ALJ) and affirmed on review by the Appeals Council.

Claimant sought relief in this court, and the case was ultimately remanded to the Commissioner.[1]  On remand, the record was supplemented with new medical information concerning plaintiff's psychological treatment since April of 1993.  Counsel also amended the date of onset of disability from December 2, 1988, to January 1, 1992.

The newly submitted medical evidence, in conjunction with the previously submitted medical evidence concerning plaintiff's back injuries, was considered by an ALJ.[2]  His decision concluded that plaintiff was disabled, and benefits were awarded accordingly.

b.  Discussion

The motion, to which defendant objects (document 22), seeks fees of $4,487.40 pursuant to the EAJA, 28 U.S.C. § 2412(d).

In relevant part, EAJA provides,

---

[1]The remand was had pursuant to sentence six of 42 U.S.C. § 405(g), which permits such remands "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ."

[2]This ALJ was not the same ALJ who had previously reviewed and ruled on plaintiff's initial claim.

2

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (West Supp. 1992).

To be entitled to an award of fees under EAJA, a litigant must first establish that he is a "prevailing party" as that status is consistently used in other federal fee-shifting statutes. Guglietti v. Secretary of Health and Human Services, 900 F.2d 397, 398 (1st Cir. 1990) (citations omitted). Alternatively, a "prevailing party" may show that he has achieved some of the benefits sought in bringing suit, a road not successfully traveled in a case of a mere remand, id. at 400, or because the lawsuit acts as a "catalyst" in prompting the defendant to take action to meet plaintiff's claims, id. at 401. As the circumstances of this case clearly comply with the latter alternative, the court finds and rules that, for the purposes of EAJA, Mr. Roberge is considered a "prevailing party".

The government here argues that its position was substantially justified within the meaning of EAJA, and on this issue the government bears the burden of proof by medium of a

3

preponderance of the evidence.  <u>United States v. One Parcel of Real Property</u>, 960 F.2d 200, 208 (1st Cir. 1992) (citing <u>McDonald v. Secretary of Health and Human Services</u>, 884 F.2d 1468, 1475-76 (1st Cir. 1989)).  To satisfy this burden, "'the government must show that it had a reasonable basis for the facts alleged, that it had a reasonable basis in law for the theories it advanced, and that the former supported the latter.'"  <u>United States v. One Parcel of Real Property</u>, <u>supra</u>, 960 F.2d at 208 (quoting <u>Sierra Club v. Secretary of the Army</u>, 820 F.2d 513, 517 (1st Cir. 1987)).

The law is clear that "being wrong or losing is not the standard.  The government's agency and litigation positions, even though incorrect and thus ultimately unsuccessful, can be justified if they had a reasonable basis in law and fact."  <u>Morin v. Secretary of Health and Human Services</u>, 835 F. Supp. 1431, 1434 (D.N.H. 1993).  The substantial justification requirement of EAJA properly focuses on the government misconduct giving rise to the litigation.  <u>Id.</u> (internal quotations and citations omitted).

The remand in this case, as above indicated, <u>supra</u> note 1, was pursuant to sentence six of 42 U.S.C. § 405(g).  A remand of this type "frequently occurs because the claimant seeks to present new evidence of which the Agency or the claimant was aware at the time the Secretary's benefits determination was

4

made.  Thus, in many sentence-six cases, the added expenses incurred by the claimant on remand cannot be attributed to any wrongful or unjustified decisions by the Secretary." Shalala v. Schaefer, ___ U.S. ___, ___, 113 S. Ct. 2625, 2636 (1993) (Stevens, J., concurring) (citing Sullivan v. Finkelstein, 496 U.S. 617, 626 (1990)).

As indicated in the outline of the evidence set forth in the "Background" portion of this order, it is clear that this is not a case where the position of the government was unjustified.  The fact that ultimately an ALJ found disability to exist does not detract from the finding which this court here makes that, in both its agency and its litigating positions, the government had a reasonable basis for the facts it alleged and a reasonable basis in law for the theories it advanced, and that the former supported the latter. United States v. One Parcel of Real Property, supra, 960 F.2d at 208.

Finding that the government has here sustained its burden of proving by a preponderance of the evidence that its position was "substantially justified," the court herewith denies the plaintiff's motion for attorney's fees pursuant to EAJA.

2.  Motion for Fees Pursuant to 42 U.S.C. § 406(b), document 18

This motion, to which defendant has no objection (document

5

20), seeks to recover attorney's fees in the amount of $3,526.50 for the services rendered claimant in connection with the court portion of these proceedings. The itemization indicates that the amount sought concerns approximately 33.24 hours of such services.

The claimant entered into a contingent fee agreement with counsel, and the services performed occupied approximately 37 months. The sum here sought averages $106.10 per hour, which is well below counsel's hourly rate of $125.

On due review of the motion and its attachment, and in light of the fact that defendant has no objection, it is herewith ordered that counsel be awarded fees of $3,526.50 for his services before the court pursuant to the provisions of 42 U.S.C. § 406(b).

3. Conclusion

For the reasons outlined, the court has denied the motion for attorney's fees pursuant to EAJA (document 17) and has granted the motion for attorney's fees pursuant to 42 U.S.C. § 406(b) (document 18).

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

September 19, 1996

6

cc:   Raymond J. Kelly, Esq.
       David L. Broderick, Esq.